[No. 6840.]

## In re WILLIAM A. STUART.

County Clerk of San Francisco.—The term of office of the County Clerk of the City and County of San Francisco, elected at the September election of the year 1879, commenced on the first Monday of December of that year.

Construction of the New Constitution. — The Constitution adopted in 1879 did not, *proprio vigore*, repeal or displace all the statutes of the State

theretofore in force, but only such as are inconsistent with those provisions of that Constitution which do not require legislation to put them in force.— [Reporter.]

Same—Terms of Office.—The "officers" mentioned in sec. 20 of art. 20 of the new Constitution, and the commencement of whose terms are not the subject of legislation, but are fixed by the provisions of the instrument itself, are not the county, township, and municipal officers who are distinctly mentioned in sec. 5 of art. 11, and the duration of whose official terms the Legislature is expressly directed to fix.—[Reporter.]

Appeal from the District Court of the Fourth Judicial District, San Francisco.

The facts are stated in the opinion.

*Jos. M. Nougues* and *J. P. Hoge*, for Appellant.

*Clitus Barbour* and *A. A. Cohen*, for Respondent.

By the Court:

This cause was submitted to the Court below for judgment upon certain facts stipulated between the parties, and which are as follows:

" 1. Thomas H. Reynolds is the legally elected, qualified, and acting County Clerk of the City and County of San Francisco; and he entered in possession of said office of County Clerk of the City and County of San Francisco on the first Monday of December, A. D. 1877, and for the term of two years from and after said date, the said term being defined and designated by a law of the State of California.

" 2. William A. Stuart was legally elected at the general election held on Wednesday, the 3rd day of September, A. D. 1879, to the office of County Clerk of the City and County of San Francisco, has qualified and received the certificate of election, and is in law and in fact the successor in office to said Thomas H. Reynolds, and entitled to the possession of the office of County Clerk of the City and County of San Francisco, upon the expiration of the term of office of said Thomas H. Reynolds.

" 3. On this 1st day of December, A. D. 1879, said William A. Stuart demanded of said Thomas H. Reynolds the possession of the office of County Clerk of the City and County of San

Francisco, and said Thomas H. Reynolds refused to vacate said office.

"4. The Constitution of the State of California, adopted in Convention at Sacramento, March 3rd, A. D. 1879, ratified by a vote of the People of the State of California on Wednesday, May 7th, A. D. 1879, was declared by the Executive of the State of California, in his proclamation thereafter issued, to be the Constitution of the State of California."

Upon these facts the Court below gave judgment that Stuart is entitled to the office of County Clerk of the City and County of San Francisco, and that his term as such officer commenced on the first Monday of December instant. From this judgment an appeal is prosecuted by Reynolds, and the *only question presented for our consideration is as to the point of time at which the term of Stuart must be considered to begin.*

If reference is to be had only to the provisions of the Consolidation Act, so called, the judgment of the Court below is admitted upon all hands to be correct in point of law, and the general question for our consideration is, therefore, as to whether the clause of the act which fixes the time of the commencement of the term has been abrogated by the Constitution adopted by the people during the present year.

It will be obvious that the adoption of that instrument did not, *proprio vigore*, repeal or displace all the statutes of the State theretofore in force. It repealed some of them, and saved others, and it points out, in its own terms, the effect which its adoption should have upon the existing statutes of the State. It declares as follows:

"The provisions of all laws which are inconsistent with this Constitution shall cease upon the adoption thereof," (*vide* sec. 1 of the Schedule) and that all laws in force at its adoption, and *not inconsistent* with its provisions, shall remain in force until altered or repealed by the Legislature. (Ibid.) It is claimed in argument for the appellant here that the statute in question is inconsistent with, and therefore abrogated by, sec. 20 of art. 20 of the new instrument. That section is as follows:

"Elections of officers provided for by this Constitution, except at the election in the year 1879, shall be held on the even num-

bered years next before the expiration of their respective terms. The terms of such officers shall commence on the first Monday after the first day of January next following their election."

But we are of opinion that, upon a correct reading of the instrument, no conflict between it and the statute appears. Who are the officers referred to as being officers whose election is provided for in the new Constitution, and whose terms of office are, by the express command of the Constitution itself, to commence absolutely on the first Monday after the 1st day of January next following their election? We think that these are not municipal, county, or township officers chosen in 1879, but State officers, such as the Governor and the other officers who constitute the Executive Department of the State Government. These are officers whose election is absolutely provided for by the Constitution itself. But as to the terms of municipal, county, and township officers, another and distinct and utterly inconsistent provision is found in the new Constitution. We refer to sec. 5 of art. 11. The language of the section, so far as it is material to the question in hand, is as follows: "The Legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of Boards of Supervisors, Sheriffs, County Clerks, District Attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties, and fix their terms of office." *And fix their terms of office.*

It is difficult to conceive how the statute in question in this case is to be taken as inconsistent with, and therefore abrogated by, the new instrument, when, as we have seen, it expressly commits the entire subject-matter to the Legislature to fix the terms of officers of the class now before us.

What the precise duties of the Legislature are to be under sec. 5 of art. 11 is not a question before us, and cannot become a question *sub judice* until the Legislature, sitting under the new Constitution, shall have enacted a statute on the subject. It may be (in view of sec. 20, art. 20, read in connection with sec. 5, art. 11) that a statute on such a subject, to be hereafter enacted, must provide for the election of all officers mentioned in the latter section, to be held on the even-numbered

years, and that such officers, when elected, shall take office on the first Monday after the 1st day of January next following their election; but upon this question we are not to be understood as expressing an opinion, because the exigencies of the case before us do not require it.

It is apparent to us, therefore, that "the officers" mentioned in sec. 20 of art. 20, and the commencement of whose terms are not the subject of legislation, but are fixed by the provisions of the instrument itself, are not the county, township, and municipal officers who are distinctly mentioned in the fifth section of the eleventh article, and the duration of whose official terms the Legislature is expressly directed to fix.

Even conceding that the words " provided for by this Constitution," as employed in sec. 20, art. 20, have a broader signification than has been already suggested, and include *all officers* whose election may be provided for in the laws which shall be passed by the first Legislature creating a uniform system of county and municipal governments, and that in such laws the Legislature will be required to provide for the election of county and municipal officers on the even years, such officers to commence their terms on the 1st of January next after their election, still the provisions of the new Constitution which relate to such uniform system " require legislation to enforce them," and as will be seen by reference to the last clause of sec. 1 of the Schedule, existing laws continue in operation until the 1st day of July, 1880, (unless sooner repealed) although they are not in accord with the provisions of the new Constitution, if such provisions require legislation to put them in force.

Judgment affirmed.    Remittitur forthwith.