[No. 7,732.—In Bank.]
June 30, 1881.

PEOPLE EX REL. GABRIEL HAINES *v.* W. A. HENRY.

ELECTION OF POLICE JUDGE—MUNICIPAL OFFICER—DEFINITION—CONSTITU-
TIONAL LAW.—A Police Judge, though a judicial officer, is also a municipal
officer, and is not one of those mentioned in Section 10 of Article xxii. of
the Constitution.

APPEAL from a judgment for the defendant in the Superior
Court of the County of Sacramento.

The action in the Court below was brought to determine
the title to the office of Police Judge of the City of Sacra-
mento. The relator claimed the office by virtue of an election
held in November, 1880; the defendant, by virtue of an election
in September, 1879.

*S. Solon Holl*, for Appellant.

*Henry Edgerton, W. B. C. Brown,* and *W. A. Anderson*, for
Respondent.

ROSS, J.:

A Police Judge is undoubtedly a judicial officer, but he is a
judicial officer of a municipality. He is, therefore, a munici-
pal officer, and is not one of those mentioned in Section 10 of
Article xxii. of the present Constitution. (*In re Stuart*, 53
Cal. 748; *Barton* v. *Kalloch*, 56 Cal. 95; *Uridias* v. *Morrill*,
22 id. 473; *People* v. *Provines*, 34 id. 520; Political Code,
§§ 4355, 4370.)

This disposes of the claim of the relator to the office of
Police Judge of the City of Sacramento. But the purpose of
the action was to oust the respondent as well as to install the
relator.

Respondent was elected to the office at the general election
held in September, 1879. He was elected by virtue of the
Act of the Legislature approved April 1, 1864, and of those
provisions of the present Constitution continuing in existence
Police Courts and changing the time of holding judicial elec-
tions from October to the day of the general elections in the
month of September.

The Act of April 1, 1864, is entitled "An Act to provide for the election of the Police Judge of the City of Sacramento at the time of the election of other judicial officers," and declares: "The Police Judge of the City of Sacramento shall be elected at the special judicial election to be holden on the third Wednesday in October, A. D. 1865, and every two years thereafter, and shall take office on the first day of January next succeeding his election, and shall hold for two years and until his successor is elected and qualified."

The evident purpose of this act was, as its title indicates, to provide for the election of the Police Judge of the City of Sacramento at the time of the election of other judicial officers. Until the adoption of the present Constitution such judicial elections were held in the month of October, but by the provisions of that instrument the time of holding them was changed to the day of the general elections in September. Accordingly, at the general election in September, 1879, the judicial officers of the State were elected. At that time the respondent was voted for and elected Police Judge of the City of Sacramento. And although he was not elected on the third Wednesday in October, he was elected at the time of the election of the other judicial officers, which was in accordance with the obvious intent and meaning of the Act of April 1, 1864; and having been elected in substantial compliance with the law, and having qualified and entered upon the discharge of the duties of the office, we think his tenure ought not to be disturbed.

Judgment affirmed.

McKINSTRY, THORNTON, and SHARPSTEIN, JJ., concurred.